UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Carson McKean,** individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| **Beck Electric, LLC** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Defendant. | |

Plaintiff, Carson McKean ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Beck Electric, LLC (hereafter referred to as "Beck Electric" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq.*; Ohio Prompt Pay Act, O.R.C. § 4113.15, O.R.C. § 2307.60 and Fed. R. Civ. P. 23 for Beck Electric's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Beck Electric in Ohio. Plaintiff brings this action on behalf of himself and similarly-situated current and former non-exempt hourly employees who worked for Beck Electric in Ohio.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Beck Electric failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate

1

of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Beck Electric's violations of federal and Ohio law as detailed further below.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this District.

6. At all relevant times, Plaintiff has been a resident of Ohio and performed work for Beck Electric in this judicial district.

7. Beck Electric regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

8. Plaintiff, the Collective Members and the Class Members in their work for Beck Electric were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

9. At all times material to the matters alleged in this Complaint, Plaintiff was an employee of Beck Electric.

10. Plaintiff was employed by Beck Electric as an electrician from approximately August 22, 2022 through approximately September 7, 2023.

11. The Collective Members are all current and former non-exempt hourly employees who worked for Beck Electric in Ohio at any point in the three years preceding the filing of the original Complaint.

12. The Class Members are all current and non-exempt hourly employees who worked for Beck Electrtic in the state of Ohio at any point in the three years preceding the filing of the Complaint.

13. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

14. At all material times, Beck Electric was licensed to transact business in the State of Ohio.

15. Under the OMFWSA and FLSA, Beck Electric is an employer. At all relevant times, Beck Electric had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Beck Electric. As a person who acted in the interest of Beck Electric in relation to the company's employees, Beck Electric is subject to liability under the OMFWSA and FLSA.

16. At all material times, Plaintiff and the Class and Collective Members were employees of Beck Electric as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

17. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

18. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached as "**Exhibit A**" and is attached again hereto.

## FACTUAL ALLEGATIONS

19. Beck Electric provides residential electric maintenance, installation, repair and services throughout Northeast Ohio.

20. Plaintiff was employed by Beck Electric as an electrician from on or about August 22, 2022 through on or about September 7, 2023.

21. The Collective Members are all current and former non-exempt employees who worked for Beck Electric at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's minimum wage and overtime requirements.

22. The Class Members are all current and former non-exempt employees who worked for Beck Electric in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

23. At all relevant times, Plaintiff was compensated on an hourly basis.

24. In his work for Beck Electric, Plaintiff routinely worked in excess of forty hours in a given workweek.

25. During each and every workweek, Plaintiff, the Class and Collective Members were paid on an hourly basis.

26. At all relevant times, Plaintiff, the Collective Members and the Class Members reported to Beck Electric's brick and mortar facility at the beginning of their shifts.

27. Plaintiff, the Collective Members and the Class Members would receive their daily service assignments, and drive to Beck Electric's customers' homes using Beck Electric's vans and trucks.

28. The Beck Electric customers that Plaintiff, the Collective Members and the Class Members serviced often lived as far as two or three hours away from Beck Electric's brick and mortar facility.

29. Beck Electric has a company-wide policy of requiring Plaintiff, the Collective Members and the Class Members to clock-out immediately after they completed their last service

call, but before Plaintiff, the Collective Members and the Class Members returned to Beck Electric's facility.

30. These final drives of Plaintiff's, the Collective Members' and the Class Members' shifts were integral and indispensable to their job duties and should have been compensated.

31. Moreover, Beck Electric paid Plaintiff, the Collective Members and the Class Members' non-discretionary bonuses.

32. However, Beck Electric did not include these non-discretionary bonuses in Plaintiff's, the Class Members' and the Collective Members' regular rates of pay for the purposes of computing overtime.

33. For example, Plaintiff would be paid a non-discretionary bonus in the event that he installed or serviced a home generated which did not require another service call for 30-days.

34. For example, Plaintiff was paid such a bonus in the amount of $110.00 for the pay period ending on September 3, 2023.

35. Plaintiff also worked 8.5 hours of overtime during the pay period ending on September 3, 2023.

36. However, Plaintiff was only paid one-and-a-half times his base wage of $16.00 for those overtime hours (i.e., $24.00 per overtime hour).

37. Beck Electric did not include Plaintiff's non-discretionary bonus in his base rate of pay for the purposes of computing overtime.

38. Beck Electric similarly failed to include all non-discretionary bonuses in the base rates of pay for the Plaintiff, the Collective Members, and the Class Members at all relevant times.

39. Plaintiff and Class and Collective Members are and were non-exempt employees.

40. Plaintiff and Class and Collective Members are and were paid on an hourly rate

basis.

41. As a result of Beck Electric's company-wide policies, Plaintiff and Class and Collective Members were not paid for all time worked each day and are owed significant unpaid wages.

42. Beck Electric's method of paying Plaintiff and Class and Collective Members in violation of federal and Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Beck Electric knew the requirement to pay for all time worked, and to include non-discretionary bonus pay within an employee's regular rate of pay for the purpose of computing overtime, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

44. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed in Ohio by Beck Electric.

45. Beck Electric subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

46. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

47. The Collective Members perform or have performed the same or similar work as Plaintiff.

48. Beck Electric's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

49. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Beck Electric that caused harm to all of the Collective Members.

50. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Beck Eclectic's current and former non-exempt hourly electricians who worked for Beck Electric in Ohio at any time from three years preceding the filing of the Complaint to the present.**

51. Beck Electric's unlawful conduct, as described herein, is pursuant to their corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

52. Beck Electric is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

53. Beck Electric's unlawful conduct has been widespread, repeated, and consistent.

54. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

55. Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds of non-exempt hourly employees currently and/or formerly employed by Beck Electric. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Beck Eletcric's possession, custody, or control, but it can be readily ascertained from their employment records.

56. Notice can be provided to the Collective Members by First Class Mail to the last address known to Beck Electric, via email at the last known email address known to Beck Electric, and by text message to the last known telephone number known to Beck Electric.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

> **Rule 23 Class**
>
> **The Class Members are all of Beck Electric's current and former non-exempt hourly electricians who worked for Beck Electric, within Ohio, at any time from three years preceding the filing of the Complaint to the present.**
>
> **Numerosity (Rule 23(a)(1)).**

59. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Beck Electric employed greater than one hundred people who satisfy the definition of the Class Members.

    a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

60. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

　　a. Whether Beck Electric unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

　　b. Whether Beck Electric unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

　　c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

　　**b. Typicality (Rule 23(a)(3)).**

61. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Beck Electric's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

　　**c. Adequacy (Rule 23(a)(4)).**

62. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

　　**d. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

63. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Beck Electric acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

　　**e. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

64. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Beck Electric's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Beck Electric's practices.

65. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

### COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY FOR ALL HOURS WORKED AND IMPROPER OVERTIME RATE
**(on behalf of Plaintiff and the Collective Members)**

66. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

67. In their work for Beck Electric, Plaintiff and the Collective Members routinely worked in excess of forty hours in a given workweek.

68. During each and every workweek, Plaintiff and Collective Members were paid on an hourly basis.

69. At all relevant times, Plaintiff and the Collective Members reported to Beck Electric's brick and mortar facility at the beginning of their shifts.

70. Plaintiff and the Collective Members would receive their daily service assignments, and drive to Beck Electric's customers' homes using Beck Electric's vans and trucks.

71. The Beck Electric customers that Plaintiff and the Collective Members serviced often lived as far as two or three hours away from Beck Electric's brick and mortar facility.

72. Beck Electric has a company-wide policy of requiring Plaintiff and the Collective Members to clock-out immediately after they completed their last service call, but before Plaintiff and the Collective Members returned to Beck Electric's facility with Beck Electric's vehicles and supplies.

73. These final drives of Plaintiff's and the Collective Members' shifts were integral and indispensable to their job duties and should have been compensated.

74. Moreover, Beck Electric paid Plaintiff and the Collective Members non-discretionary bonuses.

75. However, Beck Electric did not include these non-discretionary bonuses in Plaintiff's and the Collective Members' regular rates of pay for the purposes of computing overtime.

76. For example, Plaintiff would be paid a non-discretionary bonus in the event that he installed or serviced a home generated which did not require another service call for 30-days.

77. For example, Plaintiff was paid such a bonus in the amount of $110.00 for the pay period ending on September 3, 2023.

78. Plaintiff also worked 8.5 hours of overtime during the pay period ending on September 3, 2023.

79. However, Plaintiff was only paid one-and-a-half times his base wage of $16.00 for those overtime hours (i.e., $24.00 per overtime hour).

80. Beck Electric did not include Plaintiff's non-discretionary bonus in his base rate of pay for the purposes of computing overtime.

81. Beck Electric similarly failed to include all non-discretionary bonuses in the base rates of pay for the Plaintiff and the Collective Members at all relevant times.

82. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

83. Beck Electric's method of paying Plaintiff and the Collective Members in violation of federal law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Beck Electric knew the requirement to pay for all time worked, and to include non-discretionary bonus pay within an employee's regular rate of pay for the purpose of computing overtime, but intentionally and/or recklessly chose not to do so.

84. As a result of Beck Electric's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Beck Electric's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Beck Electric violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

# COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT FAILURE TO PAY FOR ALL HOURS WORKED AND IMPROPER OVERTIME RATE
**(on behalf of Plaintiff and the Class Members who elect to opt-in)**

85. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

86. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

87. In their work for Beck Electric, Plaintiff and the Class Members routinely worked in excess of forty hours in a given workweek.

88. During each and every workweek, Plaintiff and the Class Members were paid on an hourly basis.

89. At all relevant times, Plaintiff and the Class Members reported to Beck Electric's brick and mortar facility at the beginning of their shifts.

90. Plaintiff and the Class Members would receive their daily service assignments, and drive to Beck Electric's customers' homes using Beck Electric's vans and trucks.

91. The Beck Electric customers that Plaintiff and the Class Members serviced often lived as far as two or three hours away from Beck Electric's brick and mortar facility.

92. Beck Electric has a company-wide policy of requiring Plaintiff and the Class Members to clock-out immediately after they completed their last service call, but before Plaintiff and the Class Members returned to Beck Electric's facility with Beck Electric's vehicles and supplies.

93. These final drives of Plaintiff's and the Class Members' shifts were integral and indispensable to their job duties and should have been compensated.

94. Moreover, Beck Electric paid Plaintiff and the Class Members non-discretionary bonuses.

95. However, Beck Electric did not include these non-discretionary bonuses in Plaintiff's and the Class Members' regular rates of pay for the purposes of computing overtime.

96. For example, Plaintiff would be paid a non-discretionary bonus in the event that he installed or serviced a home generated which did not require another service call for 30-days.

97. For example, Plaintiff was paid such a bonus in the amount of $110.00 for the pay period ending on September 3, 2023.

98. Plaintiff also worked 8.5 hours of overtime during the pay period ending on September 3, 2023.

99. However, Plaintiff was only paid one-and-a-half times his base wage of $16.00 for those overtime hours (i.e., $24.00 per overtime hour).

100. Beck Electric did not include Plaintiff's non-discretionary bonus in his base rate of pay for the purposes of computing overtime.

101. Beck Electric similarly failed to include all non-discretionary bonuses in the base rates of pay for the Plaintiff and the Class Members at all relevant times.

102. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

103. Beck Electric's method of paying Plaintiff and the Class Members in violation of Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Beck Electric knew the requirement to pay for all time worked, and to include non-discretionary bonus pay within an employee's regular rate of pay for the purpose of computing overtime, but intentionally and/or recklessly chose not to do so.

104. As a result of Beck Electric's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Beck Electric's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Plaintiff and the Class Members are entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus treble damages, together with interest, reasonable attorney's fees, and costs.

## COUNT THREE: OHIO PROMPT PAY ACT
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

105. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

106. During all relevant times, Beck Electric was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

107. O.R.C. § 4113.15(A) requires that Beck Electric pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

108. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C)

states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

109. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Beck Electric has also violated the Ohio Prompt Pay Act.

110. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

111. In violating Ohio law, Beck Electric acted willfully, without a good faith basis and with reckless disregard to Ohio law.

112. As a result of Beck Electric's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

## COUNT FOUR: O.R.C. § 2307.60
**(On Behalf of Plaintiff and the Class Members who decline to opt-out)**

113. Plaintiff restates and incorporate the foregoing allegations as if fully rewritten herein.

114. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

115. By their acts and omissions described herein, Beck Electric has willfully violated the FLSA, and Plaintiff and the Class Members have been injured as a result.

116. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

117. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not

apply to [O.R.C. § 2307.60]." *See Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12, 16 (S.D. Ohio, March 23, 2023).

118. As a result of Beck Electric's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff, Carson McKean, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Beck Electric, LLC.:

- A. For the Court to declare and find that Beck Electric committed one or more of the following acts:
    - i. violated the minimum wage and overtime provisions of the FLSA;
    - ii. willfully violated the minimum wage and overtime provisions of the FLSA;
    - iii. violated the minimum wage and overtime provisions of the OMFWSA;
    - iv. willfully violated the minimum wage and overtime provisions of the OMFWSA;
    - v. willfully violated the Ohio Prompt Pay Act; and
    - vi. willfully violated O.R.C. § 2307.60.
- B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;
- C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;
- D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time she spent attempting to recover wages for the Class and Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: December 6, 2023

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio
Telephone: (216) 816-8696
Email: james@simonsayspay.com